HULDA SHERMAN, Admx., *vs.* SAMUEL J. HOWES, Admr.

DECEMBER 15, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Probate Law. Revocation of Decrees.*

Gen. Laws, 1909, cap. 307, § 6, provides for the modification or revocation of a decree made by a probate court on an uncontested application, (1) before an appeal is taken and (2) if no appeal is taken then before the time for taking an appeal has expired, and " if made in reference to the settlement of any estate, also before the final settlement thereof."

*Held,* that for a decree made in reference to the settlement of an estate, the statute fixed the period of limitation as the time of the final settlement of the estate.

PROBATE APPEAL. Heard on exception of appellee and sustained.

JOHNSON, C. J. This case is before this court upon the appellee's bill of exceptions to the decision of the Superior Court upon an appeal from a decree of the probate court of the town of Cumberland.

The decree appealed from was a decree made and entered by said probate court on the 5th day of February, 1914, modifying a decree made and entered by said probate court on the 2d day of May, 1912, on an application for the allowance of the appellee's first and final account as administrator *de bonis non*, with the will annexed of the estate of Amos Sherman, late of the town of Cumberland, deceased.

From the record it appears: That by said first and final account said administrator charged himself with the several amounts received as stated in schedule A exhibited therewith, amounting to $4,214.67, and asked to be allowed for sundry payments and charges as stated in schedule B exhibited therewith, amounting to $1,586.25. Balance, $2,628.42; that at a session of said probate court held on the second day of May, 1912, said account "having been presented for allowance, and notice thereof having been given to the parties interested according to the order of the court and no objections being made thereto, and the same having been verified by the oath of the accountant, and examined and considered by the court," it was decreed that the same be allowed and recorded; that on the 1st day of May, 1913, said Samuel J. Howes, administrator as aforesaid, presented a petition to said probate court setting out that its decree allowing said account is still in full force and effect; that by mistake he included certain property in his inventory which was no part of the assets of the estate of Amos Sherman and charged himself with the same in his said account, and that he did not discover said mistake until after the expiration of the time for taking an appeal; and further setting out that said account and the application for the allowance of the same were uncontested, and that the order and decree of said probate court allowing said account were made on said uncontested application and in reference to the settlement of said estate, and prayed, in said petition, that said court agreeably to the provisions of Section 6 of Chapter 307 of the General Laws revoke or modify said decree allowing said account. That on February 5, 1914, said petition was

heard before said probate court "all parties in interest being represented by counsel and evidence being adduced, and arguments of counsel being made" that upon consideration thereof it was ordered, adjudged and decreed that said decree allowing said final account be revoked and the account be amended by deducting and charging off $3,070.12 from the item $4,170.12 and crossing off the item of interest $44.55 mentioned in schedule A of said account; and it was further decreed that said account as amended, be allowed, showing a balance due the administrator of $486.25.

From said decree of February 5, 1914, said Hulda Sherman, of the city of Boston, in the Commonwealth of Massachusetts, as administratrix of the estate of Emma F. Sherman, late of Bloomington, in the State of Illinois, appealed and filed her claim of appeal in the office of the clerk of said probate court according to law, and also filed her reasons of appeal in the Superior Court for the counties of Providence and Bristol according to law. The appellant sets out in her reasons of appeal: That the decree of May 2, 1912, was entered more than forty days prior to the filing by said Samuel J. Howes of his petition in said probate court asking for the revocation or modification of said decree allowing said account; that no appeal from the entry of said decree has ever been taken "and hence said probate court had no right, authority, or jurisdiction to enter the decree from which this appeal is taken."

The appeal was heard by the Superior Court June 22, 1914, and on June 26, 1914, a rescript was filed in which the court says: "This case was heard on the sole question whether the probate court of the town of Cumberland had authority and jurisdiction to revoke and modify a decree allowing the first and final account of Howes entered on May 2, 1912, said revocation being asked for more than 40 days after May 2, 1912."

The decision was that the decree of the probate court from which the appeal was taken be set aside as having been entered without jurisdiction.

To this decision the appellee excepted. The case is now before this court on his bill of exceptions.

Chapter 307, § 6, reads as follows: "Any probate court may modify or revoke any order or decree made by it on an uncontested application before appeal therefrom, or, if no appeal is taken, before the time for taking an appeal has expired, and, if made in reference to the settlement of any estate, also before the final settlement thereof, upon the written application of any person interested therein, and after notice of the time and place of hearing thereon appointed by the court, given in the manner prescribed by it, to the person having charge of such estate and to all other interested parties; and upon any modification or revocation, there shall be the same right of and time for appeal as in case of any other order or decree."

The appellant claims "that this section authorizes such modification or revocation—(1st) at any time before an appeal is taken, provided such an appeal is taken within the time authorized by the statute for taking it; (2nd) if no appeal is taken within the time prescribed by the statute, before the time for taking an appeal has expired, but if the decree is in reference to the settlement of any estate, the modification must be also before the final settlement of the estate;" and that "the word 'also' before the words 'before a final settlement,' clearly adds an additional limitation to the time within which the probate court may modify or revoke its decrees."

The appellee claims that the legislature intended that a decree made in reference to the settlement of an account should be made an exception, and having this in mind used the said words "and if made in reference to the settlement of any estate, also before the final settlement thereof," thereby allowing probate courts to revoke or modify such decree any time before the final settlement of the estate.

(1) The section provides for the modification or revocation of a decree made by the probate court on an uncontested application, and clearly expresses two limitations of time therefor,

viz.: (1) before an appeal is taken, and (2) if no appeal is taken, then before the time for taking an appeal has expired. Then follow the words in controversy, viz.: "and, if made in reference to the settlement of any estate; also before the final settlement thereof." The verbs "modify" and "revoke" are as clearly qualified by the words "before the final settlement thereof" as by the words "before the time for taking an appeal has expired." If, therefore, this portion of the section were fully expressed by supplying the words which must be understood from the context it would read: "and, if made in reference to the settlement of any estate; also *may modify or revoke any order or decree made by it on an uncontested application* before the final settlement thereof. To construe the words in question in accordance with the appellant's claim that they are equivalent to the words: "But if the decree is made in reference to the settlement of any estate, the modification must be also before the final settlement of the estate," thus adding an additional limitation that the modification or revocation must precede not only the expiration of the time for taking an appeal, but also the settlement of the estate made within that period, would, it seems to us, be to read into the statute a limitation which the language of the statute does not express. We see nothing in the language of the statute compelling a construction that such revocation or modification must precede the expiration of the time for taking an appeal, or excluding the construction that for such a decree made in reference to the settlement of any estate, a different period of limitation is fixed, viz.: the time of the final settlement of the estate.

In *Hammond* v. *Hammond*, 19 R. I. 400, cited in the rescript, the municipal court of the city of Providence as a court of probate May 21, 1895, assigned to the appellant dower by metes and bounds, and all parties interested in the lands on the same day waived their right to appeal in writing. October 11, 1895, the municipal court made a decree setting out dower to the appellant in the same lands in a special manner, by the assignment to her of a fixed rental to be paid to her at stated periods.

On appeal the court said: "We think that the municipal court had no jurisdiction to make the decree appealed from. The former decree determined the manner in which dower should be assigned; and the parties having waived their rights to appeal from it, it became final on its entry. Gen. Laws, R. I. 1896 cap. 264, § 23. The revocation of its action by a probate court, under Gen. Laws, R. I. cap. 209, § 11, is to be made before the time for taking an appeal has expired."

*Rockwell* v. *Holden,* 22 R. I. 243, also cited, was an appeal from the order of a probate court dismissing for want of jurisdiction a petition for the revocation of an order admitting a will to probate, said petition setting out ignorance on the part of a non-resident heir-at-law, of the statutory proceedings. On appeal, jury trial being waived, the decision was: "PER CURIAM. The appeal is dismissed upon the ground that the court of probate had no jurisdiction to make the order asked for. Gen. Laws, 1896 cap. 209, § 11. *Hammond* v. *Hammond,* 19 R. I. 400."

In each of these cases the court rightly decided the question before it; and the language used by the court applied only to such question. In neither of said cases was the question raised which is now before the court. In *Hammond* v. *Hammond,* the parties on the day of the entry of the decree, waived their right to appeal in writing, and the time within which an appeal could be taken had also expired; and by Section 23 of Chapter 264, Gen. Laws, 1896, "Of Dower and of Jointure," the happening of either of these events made the decree final. In *Rockwell* v. *Holden,* the appeal as we have seen was from an order of the probate court dismissing for want of jurisdiction a petition for the revocation of an order admitting a will to probate, presented after the time within which an appeal could be taken had expired. The court therefore had no occasion to consider in these cases the provision of the statute in regard to the modification or revocation of a decree made in reference to the settlement of any estate, which we are called upon to construe in the case before us.

We are of the opinion that the court erred in setting aside the decree of the probate court from which the appeal was taken as having been entered without jurisdiction. The appellee's exception is sustained and the case is remitted to the Superior Court with direction to hear the appeal upon its merits.

*William G. Rich, Waterman & Greenlaw*, for appellant.
*James F. Murphy*, for appellee.